UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CHARLES REYNOLDS et al.,

    Plaintiffs,

v.                                                                 Civ. No. 21-1157 MV/GJF

ALBUQUERQUE POLICE
DEPARTMENT et al.,

    Defendants.

**ORDER STAYING DISCOVERY**

    THIS MATTER is before the Court on Defendants' Motion to Stay Discovery [ECF 32] ("Motion"). The Motion is fully briefed and is based on Defendants' pending Motion for Summary Judgment ("MSJ") supported by qualified immunity. ECF 32, 42, 54. As explained below, the Court will **GRANT** Defendants' Motion and **STAY** all discovery in this case pending the Court's resolution of Defendants' MSJ [ECF 34] or Plaintiffs' Motion for Discovery under FRCP Rule 56(D) [ECF 41]. The Court emphasizes that this Order has no effect on Plaintiffs' pending Motion for Discovery under FRCP Rule 56(D) [ECF 41].

**I.    BACKGROUND**

    Plaintiffs filed suit "under 42 U.S.C. § 1983, 42 U.S.C. § 12132 and Section 504 of the Rehabilitation Act, the Fourth Amendment of the United States Constitution, and the New Mexico Tort Claims Act for damages resulting from the unlawful seizure and excessive force causing the wrongful death of Danny White." ECF 1 at 1. Defendants eventually filed their MSJ [ECF 30, 34], requesting dismissal of Counts II, III, IV, VI, VII, IX, and X of Plaintiffs' Complaint. The MSJ invoked the defense of qualified immunity on behalf of Defendants Johnson and Harrison. Defendants also moved to stay discovery until the presiding judge resolves the MSJ. ECF 32. In

opposition, Plaintiffs contended, under Federal Rule of Civil Procedure 56(D), that they need to conduct certain discovery to fully respond to the MSJ. Plaintiffs referred the Court to note 14 in *Crawford-El v. Britton*, which states "limited discovery may sometimes be necessary[,]" and a District of Colorado case "authorizing limited discovery [to] balance . . . the needs of [the] parties" in a qualified immunity case. ECF 42 at 4 (citing 523 U.S. at 594 n.14 and *Rome v. Romero*, 225 F.R.D. 640, 643-45 (D. Colo. 2004)).

## II. LAW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

Consequently, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Iqbal*, 556 U.S. at 685-86.

### III. ANALYSIS

The Court finds that a stay of discovery is appropriate. In their MSJ, Defendants invoked qualified immunity and affirmatively sought dismissal of Counts II-VI, VII, IX, and X with prejudice. The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery. *See*, *e.g.*, *Tenorio v. Pitzer*, No. CIV 12-1295 JCH/KBM, 2013 WL 12178001 at *3 (D.N.M. July 27, 2013) (observing that "the law is clear that discovery should be stayed upon assertion of qualified immunity").

This Court takes no position on whether some discovery may be needed for Plaintiffs to properly respond to Defendants' MSJ. The presiding judge will resolve that issue when she decides Plaintiffs' Rule 56(D) Motion.

### IV. CONCLUSION

**IT IS ORDERED** that Defendants' Motion [ECF 32] is **GRANTED** and that all discovery in this case is **STAYED** pending the Court's resolution of Defendants' MSJ or Plaintiffs' Motion for Discovery under FRCP Rule 56(D) [ECF 41].

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE